EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
CHRISTOPHER M. YOUNG, State Bar No. 238532
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5553
 Fax: (415) 703-5843
 Email: Chris.Young@doj.ca.gov

Attorneys for Defendants Evans, Noll, Hedgpeth,
Scribner, Travers, Ponder, Celaya, Kircher, and Lutes

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRELL CURRY,<br><br>                              Plaintiff,<br><br>           v.<br><br>M.S. EVANS, et al.,<br><br>                              Defendants. | CASE NO. C 06-3731 MHP (pr)<br><br>SETTLEMENT AGREEMENT; STIPULATION AND [PROPOSED] ORDER OF DISMISSAL |

Following a mediation with The Honorable Magistrate Judge Nandor Vadas, the parties agree as follows:

   A.   Plaintiff Terrell Curry (Plaintiff) filed the Third Amended Complaint on November 2, 2006, and the Court ordered service on March 29, 2007. (Court Docket Nos. 5, 7.)

   B.   In his Third Amended Complaint, Plaintiff alleges that Defendants Evans, Noll, Hedgpeth, Scribner, Travers, Ponder, Celaya, Kircher, and Lutes: (1) retaliated against Plaintiff; (2) violated his First Amendment rights; (3) were responsible for due process violations; (4) were responsible for equal protection violations; (5) violated Plaintiff's

Settlement Agreement; Stip. & [Proposed] Order of Dismissal                                   Curry v. Evans, et al.
                                                                                                 Case No. C 06-3731 MHP (pr)

1

      Eighth Amendment rights for, *inter alia*, denying Plaintiff outdoor exercise; and (6) were deliberately indifferent to Plaintiff's safety.

C.   Defendants filed a motion for summary judgment on June 22, 2007. (Court Docket No. 23.) On February 15, 2008, the Court granted Defendants' summary-judgment motion on all issues except Plaintiff's Eighth Amendment claim for denial of exercise. (Court Docket No. 36.) The Court referred the Eighth Amendment denial of exercise claim to the Pro Se Prisoner Mediation Program for mediation proceedings before Magistrate Judge Nandor Vadas. (*Id.*)

D.   The parties mediated this matter before Magistrate Judge Vadas on May 7, 2008 at Salinas Valley State Prison, Soledad. A full and final settlement of this action was reached by the parties. The parties wish to fully resolve all matters which were or could have been asserted in this action. Therefore, they now enter into this stipulation in order to fully settle and discharge all claims which are, or might have been, the subject matter of the action, upon the terms and conditions set forth below.

IN ACCORDANCE WITH MATTERS DISCUSSED BY MAGISTRATE JUDGE VADAS AND THE PARTIES AT THE MAY 7, 2008 MEDIATION, THE PARTIES STIPULATE AS FOLLOWS:

1.   Plaintiff agrees to the voluntary dismissal with prejudice of the above-captioned action under Rule 41(a) of the Federal Rules of Civil Procedure.

2.   Defendants Evans, Noll, Hedgpeth, Scribner, Travers, Ponder, Celaya, Kircher, and Lutes, and the California Department of Corrections and Rehabilitation (CDCR) deny any and all liability. This agreement does not constitute an admission of liability or any wrongdoing on behalf of any party.

3.   In consideration for a release of all claims and a stipulation of dismissal in this action, the California Department of Corrections and Rehabilitation (CDCR), on behalf of Defendants, agrees to pay Plaintiff two thousand seven hundred fifty dollars ($2,750).

4.   Plaintiff signed and returned to defense counsel a Payee Data Record form on May 7, 2008. Upon receipt of the executed Stipulation and Order of Dismissal, CDCR will

have up to 120 days to issue the settlement payment check. In the event the 2008-09 California Budget is not enacted by July 1, 2008, the CDCR may be unable to issue the settlement payment check within 120 days of receipt of the executed Stipulation and Order of Dismissal. Any delay caused by the failure to enact the 2008-09 California Budget will not waive CDCR's obligations set forth in Paragraph 3. The parties agree that payment of settlement funds will be delayed until a budget is enacted, if the 2008-09 California Budget is not enacted by July 1, 2008.

5. Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this settlement agreement. Plaintiff has read the contents of Section 1542 of the Civil Code of the State of California, and he expressly waives the benefits of this section. Section 1542 reads as follows:

> Section 1542. (General Release - Claims Extinguished)
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff assumes the risk that the facts or law may be other than he believes.

6. In consideration of the obligations set forth in Paragraph 3, Plaintiff completely releases and forever discharges Defendants, all served and unserved defendants, CDCR, Salinas Valley State Prison, and any unnamed defendants, from any and all claims that are the subject of the action as alleged in Plaintiff's Third Amended Complaint or any other version of the Complaint filed in this action, that are based on, related to, or derived from the alleged acts or omissions of Defendants, CDCR, or Salinas Valley State Prison as alleged in Plaintiff's Third Amended Complaint filed in this action.

7. Under California Penal Code § 2085.5 all outstanding restitution orders and fines must first be paid directly from this settlement. The restitution fines and fees, if any, shall be

deducted from the settlement proceeds and the remainder of the settlement amount will be issued by check payable to Plaintiff.

8. The parties shall bear their own attorneys' fees and costs.

9. This stipulation shall constitute the entire agreement between the parties arising from the allegations alleged in this action, and it is expressly understood and agreed that this stipulation has been freely and voluntarily entered into by all parties. It may not be altered, amended, modified, or otherwise changed in any respect except by writing duly executed by the parties to this agreement.

IT IS SO STIPULATED.

Dated: May 8, 2008          /s/ Terrell Curry (signature page attached)
                            TERRELL CURRY, PLAINTIFF

Dated: May 8, 2008          /s/ Christopher M. Young
                            CHRISTOPHER M. YOUNG
                            Deputy Attorney General
                            Attorney for Defendants Evans, Noll, Hedgpeth, Scribner, Travers, Ponder, Celaya, Kircher, and Lutes

## ORDER

IT IS HEREBY ORDERED that this case against Defendants shall be dismissed with prejudice.

IT IS SO ORDERED.

Dated: 5/9/2008

MARILYN H. PATEL
United States District Judge

*IT IS SO ORDERED* — Judge Marilyn H. Patel (United States District Court, Northern District of California seal)

Settlement Agreement; Stip. & [Proposed] Order of Dismissal            Curry v. Evans, et al.
Case No. C 06-3731 MHP (pr)

4

be deducted from the settlement proceeds and the remainder of the settlement amount will be issued by check payable to Plaintiff.

8. The parties shall bear their own attorneys' fees and costs.

9. This stipulation shall constitute the entire agreement between the parties arising from the allegations alleged in this action, and it is expressly understood and agreed that this stipulation has been freely and voluntarily entered into by all parties. It may not be altered, amended, modified, or otherwise changed in any respect except by writing duly executed by the parties to this agreement.

IT IS SO STIPULATED.

Dated: May 8, 2008    _____
                      TERRELL CURRY, PLAINTIFF

Dated: May ___, 2008  _____
                      CHRISTOPHER M. YOUNG
                      Deputy Attorney General
                      Attorney for Defendants Evans, Noll, Hedgpeth, Scribner, Travers, Ponder, Celaya, Kircher, and Lutes

ORDER

IT IS HEREBY ORDERED that this case against Defendants shall be dismissed with prejudice.

IT IS SO ORDERED.

Dated: _____    _____
                          MARILYN HALL PATEL
                          United States District Court Judge

Settlement Agreement; Stip. & [Proposed] Order of Dismissal                 Curry v. Evans, et al.
                                                                            Case No. C 06-3731 MHP (pr)

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *T. Curry v. M.S. Evans, et al.*

No.:   U. S D C., N. D., SAN FRANCISCO, DIV., C 06-3731 MHP (pr)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 8, 2008, I served the attached

**SETTLEMENT AGREEMENT; STIPULATION AND
[PROPOSED] ORDER OF DISMISSAL**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Terrell D. Curry, T-29338
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 8, 2008, at San Francisco, California.

J. Baker
Declarant

_/s/ J. Baker_
Signature

40251541.wpd